## JOHN DOMINICK v. WESTERN COAL & MINING COMPANY, Appellant.

**Division One, March 3, 1914.**

1. **EXCESSIVE VERDICT: New Trial or Remittitur.** It is *stare decisis* in this court that it will grant a new trial in any case wherein the jury renders a verdict so excessive as to show misbehavior on their part, unless the plaintiff remit so much thereof as, in the opinion of the court, was wrongfully ob-
tained.

2. ————: **$12,000: Coal Miner.** Plaintiff, a coal miner for nine years, fifty-three years of age and married, was being lowered

into a coal mine 180 feet deep, in a car which was not fur-
nished with safeguards, nor kept within the statutory speed
limit, by reason of which negligence he was thrown upon the
bottom of the shaft with such violence as to break his leg,
split his knee and injure his rib. He was in bed two months,
his leg is permanently disabled, and is still swollen and pain-
ful, and two or three times a week he spits blood as a result
of the injury to his rib. Two physicians, one called by him
and the other appointed by the court, testified that the knee
is stiff, so that the action of the knee-joint is gone, and one of
them testified that the eleventh rib is fractured in the manner
known as a "green-stick fracture," which was "worse than a
square break," and the other that the rib is "loosed from the
attachments," and causes more or less acute concussion on the
lung, that the intense pain was caused by it and the condition
of the knee, and that it is now too late to operate on the
"floating rib." Plaintiff when hurt was earning one hundred
dollars per month, and he can never again be a miner. *Held,*
that the verdict for $12,000 is excessive by $5,000, which plaintiff
is required to remit as a condition of affirmance.

Appeal from Lafayette Circuit Court.—*Hon. Samuel
Davis,* Judge.

AFFIRMED (*conditionally*).

*R. T. Railey* and *Harvey C. Clark* for appellant.

(1) Where from a reading of the facts disclosed
by the record, it is apparent that the verdict is exces-
sive and beyond reason, and so gross as to shock the
sense of justice, and it can be accounted for upon no
other theory than that of passion and prejudice, the
ends of justice will be subserved by a new trial. Par-
tello v. Railroad, 217 Mo. 66; Chlanda v. Railroad, 213
Mo. 244. (2) The verdict in this case is grossly exces-
sive, and should not be permitted to stand. Dean v.
Railroad, 229 Mo. 425; Nichols v. Glass Co., 126 Mo.
55; Norris v. Railroad, 239 Mo. 695; Asbury v. Kan-
sas City, 161 Mo. App. 496; Harris v. Railroad, 168
Mo. App. 336; Lessendell v. Railroad, 238 Mo. 247;
Chitty v. Railroad, 166 Mo. 444; Campbell v. Railroad,
243 Mo. 141; Welborn v. Railroad, 170 Mo. App. 170.

*Charles Lyons* and *Alexander Graves* for respondent.

(1) "The amount of damages must be left largely to the reasonable discretion of the jury. Each case presents its own merits or demerits, and we see no reason for interfering with the judgment in this case on account of the amount thereof." Henderson v. Kansas City, 177 Mo. 492. (2) The undisputed evidence shows plaintiff was making $100 a month, his left leg worse than useless, one rib broke loose from spinal column, lung seriously affected, causing constant expectoration of blood and corruption and the man wholly disqualified for any kind of work now or hereafter, and both injuries permanent. (3) Dougherty v. Railroad, 97 Mo. 666, for loss of left hand $12,000. (4) This court has declared it customary to affirm judgments of $10,000 for the loss of a single leg; $20,000 for loss of both. Yost v. Railroad, 245 Mo. 252. (5) It is a very delicate and difficult matter for this court to reduce the amount of a jury's verdict in such cases as the one at bar, and is only done in extreme cases. Lessenden v. Railroad, 238 Mo. 265.

## STATEMENT.

Plaintiff's petition states that he was a coal miner who was injured by being negligently lowered in one of defendant's mines in a cage not provided with safe guards, and descending at a greater speed than provided by law. [R. S. 1899, secs. 8811, 8812, amended; R. S. 1909, secs. 8456, 8457.]

Defendant answered: first, a general denial; second, that the statutes on which the action is founded are violative of the Federal Constitution, as being class legislation, taking its property without due process and deprivative of the equal protection of the laws.

On the trial, plaintiff gave evidence that he had been a coal miner for nine years; was fifty-three years
255 Mo. 30

of age and married at the time of his injuries, which were caused by the action of defendant's representative in negligently lowering a car, in which plaintiff was being carried, to the bottom of defendant's mine one hundred and eighty feet below the surface of the earth. And by the further fact that the cage was not furnished with the safe guards, nor conducted within the speed fixed by the statutes, by reason of which negligence, plaintiff was thrown upon the bottom of the shaft with such violence as to break his leg, split his knee and injure his rib, causing him to be in bed two months and leaving him on the day of the trial with a permanently disabled leg, then swollen and painful, and in the habit of spitting blood two or three times a week from the permanent injury to his rib. That he was earning when hurt one hundred dollars per month.

Two physicians testified, one called by the plaintiff and one appointed by the court to examine him. Their testimony was that the knee of the injured leg of plaintiff is ankylosed or stiff, "so that the action of the knee-joint is gone;" that the eleventh rib on the left side was injured. According to the testimony of one of the physicians, it was fractured in the manner know as a "green-stick fracture," which "was worse than a square break." According to the other doctor, this eleventh rib on the left side is "loosed from the attachments," and causes more or less acute concussion on the left lung; that intense pain was caused by it and the condition of the knee, and he thinks it is too late now to operate on the "floating rib." Both of the physicians testified that plaintiff will never be able to labor in the future as a coal miner.

The jury returned a verdict for $12,000, from which defendant appealed and assigned for error the refusal of the court to sustain the motion for new trial on the ground that the verdict of the jury "is so grossly

·excessive as to indicate that it was the result of pas-
sion and prejudice.''

## OPINION.

BOND, J. (after stating the facts as above).—Ap-
pellant confines its complaint on this ap-
peal to the size of the verdict. It con-
cedes in its brief that the testimony for
plaintiff was sufficient to take the case to the jury.

**Excessive Verdict.**

It is *stare decisis* in this court, that it will grant a
new trial in any case, where the jury renders a ver-
dict so excessive as to show misbehavior on their part,
unless the plaintiff will remit so much thereof as, in
the opinion of the court, was wrongfully obtained.

There was no prayer for punitive damages in this
case; the verdict, therefore, should have been within
the reasonable boundaries of compensation to plaintiff
for his injuries and suffering, present and future, and
the loss of earnings incident to his permanent disa-
bility to follow his calling, since no evidence was of-
fered as to medical bills and expenses.

It is a matter of no little difficulty to decide how
much of the present recovery represents an unjusti-
fiable finding by the jury. It is substantially larger
than this court has approved in other cases where the
immediate and future injuries, and the consequent pain
and suffering, were not essentially different.

This man's occupation is gone. In the future he
must find work of a different nature from the manual
labor which he has been accustomed all his life to per-
form, and in which he was engaged when injured, and
in which he had reached the capacity to earn wages
at the rate of twelve hundred dollars per year. Accord-
ing to the physicians he is now totally incapacitated
for further work of that character. It is not at all prob-
able that he will hereafter earn more than one-third of
what he was then earning in any new work which he can

fit himself to perform, and which will not require manual labor. He will therefore be left two-thirds inefficient.

If the jury had shown by their verdict that they had considered this feature of the case, and had made a finding of seven thousand dollars as compensation for plaintiff's injuries and suffering, present and future, and his permanent disability to do the work of a coal miner, we would not be inclined to disturb such finding.

We have concluded that if the plaintiff will, within the next ten days, remit five thousand dollars of his judgment so as to reduce his recovery to seven thousand dollars, it will be affirmed as of the date thereof; otherwise the case will be reversed and remanded for a new trial. All concur.